IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MATTHEW D. THOMPSON,

    Defendant.

Case No. 25-20050-JAR

**MEMORANDUM AND ORDER**

On October 22, 2025, the Government filed a Superseding Indictment charging Defendant with three counts of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).[1]  This matter is now before the Court on the Government's Motion in Limine (Doc. 19) and Motion for Hearing 404B & 414 Motion (Doc. 20).  The Court held a hearing on these motions on November 3, 2025, during which it heard oral argument and ruled orally on both.  The Court memorializes its rulings on these motions below.

    I.    **Government's Motion in Limine**

In this motion, the Government requested an order largely reiterating the requirements already imposed by the Federal Rules of Evidence.  Defendant filed no response and raised no objection at the hearing.  Accordingly, the Court granted the Government's motion in limine.

    II.    **Government's Rule 404(b) and Rule 414 Motion**

In this motion, the Government sought to introduce evidence relating to Defendant's prior Louisiana conviction and the present investigation under three alternative theories: *res*

---

[1] Doc. 30.

*gestae*, Rule 414, and Rule 404(b). As fully explained on the record at the hearing, the Court granted in part and denied in part the Government's motion as follows:

First, the Court granted the Government's motion to admit the following as *res gestae*:

- Content and information Defendant made available through his server and received by the FBI between August 20, 2020, and April 8, 2021, including any uncharged child pornography.

- Content contained on Defendant's devices and server seized by the FBI, including evidence indicative of Defendant possessing child pornography, such as file structure, file names, and logged activity with child pornography files.

- Attribution data tying the devices and server to Defendant.

- Defendant's registered sex offender status.

Second, the Court granted the Government's motion to admit the following under Rule 414:

- Certified conviction records establishing Defendant's prior Louisiana conviction.

- Testimony relating to items found in Defendant's car during the investigation leading to his prior conviction, limited to: (1) two computer hard drives, (2) a Compaq computer cord, and (3) an HP laptop.

- Testimony from Louisiana law enforcement officers relating to statements Defendant made to them, limited to his admissions that he (1) engaged in oral sex with the minor in the Louisiana case, (2) knew the minor's age, (3) engaged in online enticement of the minor, including arranging to meet in person, and (4) produced, possessed, and received child pornography involving the minor.

Third, the Court granted the Government's motion to admit the following under Rule 404(b):

- Child erotica content Defendant made available through his server and received by the FBI between August 20, 2020, and April 8, 2021.

- Child erotica content contained on Defendant's devices and server seized by the FBI.

Finally, the Court denied the Government's motion and excluded the following:

- Testimony and evidence relating to Defendant's statement to Louisiana law enforcement that he previously communicated online with two other minors from Chicago and Canada.

- Testimony concerning the following items Louisiana law enforcement found during their investigation: (1) the bench seat in the minor's family van folded down into a bed, (2) a battery-operated blue vibrator, (3) lubricant, (4) a camera box, (5) a vibrator box, (6) an empty condom box, and (7) an empty AA-battery package.

- Transcripts of Defendant's recorded interviews with Louisiana law enforcement. The Court noted, however, that if the Government plays recordings of Defendant's statements rather than eliciting them through testimony from Louisiana law enforcement officers, then the transcripts may be used as listening aids, subject to a limiting instruction that the transcripts themselves are not evidence.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's Motion in Limine (Doc. 19) is **granted**, and the Government's Motion for Hearing 404B & 414 Motion (Doc. 20) is **granted in part and denied in part**.

**IT IS SO ORDERED.**

Dated: November 4, 2025

S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE